MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee,

v.

STARK et al., Appellants.

[Cite as *Merrill Lynch, Pierce, Fenner & Smith,*
*Inc. v. Stark* (1991), 75 Ohio App.3d 611.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–14–020.

Decided Aug. 19, 1991.

*Kohrman, Jackson & Krantz* and *Joshua R. Cohen,* for appellee.
*Al Dahling,* for appellants.

FORD, Presiding Judge.

Appellants, Richard and Caryle Stark, appeal from a January 31, 1990 judgment entry and foreclosure decree in which the Lake County Court of Common Pleas determined that a principal judgment lien held by appellee, Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), constituted the first and best lien upon appellants' real estate, and further ordered foreclosure of the principal lien in the amount of $34,000 plus interest at nine percent per annum from June 25, 1986. The following facts are not in dispute:

On March 14, 1989, Merrill Lynch filed a complaint for foreclosure, marshalling of liens, and for attorney fees. The complaint sought to foreclose upon two judgment liens held against property owned by appellants. The liens emanated from an action filed by Merrill Lynch in the Cuyahoga County Court of Common Pleas to recover a debit in appellants' "cash management

account." On December 23, 1989, appellants consented to an adverse judgment in the amount of $34,000 plus prejudgment interest. After trial, the court also awarded Merrill Lynch $12,492 in attorney fees pursuant to paragraph eight of the "customer agreement."

Appellants appealed the award of attorney fees to the Eighth Appellate District which reversed the judgment and remanded the action for a new determination of the amount due. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stark* (1989), 55 Ohio App.3d 164, 167–168, 563 N.E.2d 49, 51–52. On remand, the trial court once again awarded Merrill Lynch $12,492 in attorney fees.

In March 1989, Merrill Lynch initiated the instant action seeking foreclosure on the judgment liens. Appellants' answer admitted the existence of the $34,000 judgment lien. Thereafter, Merrill Lynch moved for summary judgment. The trial court held that Merrill Lynch was entitled to summary judgment on its claims for foreclosure on the judgment lien in the amount of $34,000 plus interest and foreclosure on the judgment lien for attorney fees in the amount of $12,492.

On January 11, 1990, Merrill Lynch filed an amended complaint for the purpose of adding Prescott, Ball & Turben, Inc. ("PBT") as a defendant as it was discovered that PBT had also acquired an interest in appellants' property. The amended complaint did not incorporate any new substantive allegations against appellants.

Appellants *did not respond* to the amended complaint, despite a certificate of service attached thereto which stated that a copy had been served upon appellants' counsel on January 2, 1990.

On January 31, 1990, the trial court filed its judgment entry and foreclosure decree, determining that Merrill Lynch's principal lien constituted the first and best judgment lien, and ordered foreclosure. However, the court continued the case for a determination of the priority of the other liens pending further order of the court. The court then determined there to be no just cause for delay.

Appellants appeal, raising two assignments of error:

"1. The Court erred in granting Judgment of the Amended Complaint 21 days after filing as the Defendant had 28 days to answer.

"2. The Court erred in permitting Plaintiffs to split its cause of action and granting foreclosure with the result Plaintiffs have two final judgments arising from the same transaction."

In the first assignment, appellants allege that the court erred in entering judgment twenty-one days after the filing of the amended complaint. Appel-

lants assert the general rule which permits an answer to be served within twenty-eight days after the summons and complaint have been served. See Civ.R. 12(A)(1). Appellants maintain that they were prejudiced by the judgment which effectively cut short their ability to answer the amended complaint. However, a different time frame is applicable to amended pleadings under Civ.R. 15(A), which states in relevant part:

" * * * A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or *within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.*" (Emphasis added.)

▌ In the instant case, no time remained for response to the original complaint and more than fourteen days had run since service of the amended complaint. Accordingly, the trial court did not err in entering judgment, and appellants' first assignment is without merit.

In the second assignment, appellants allege that the trial court erred by permitting Merrill Lynch to "split" its claims by ordering foreclosure upon the $34,000 judgment lien, while failing to foreclose on the second $12,492 judgment lien for attorney fees.

It is universally conceded that a single cause of action cannot be "split" into several claims upon which *separate actions* may be maintained. *Vasu v. Kohlers Inc.* (1945), 145 Ohio St. 321, 30 O.O. 542, 61 N.E.2d 707. See, generally, 1 Ohio Jurisprudence 3d (1977), Actions, Section 86. However, this rule is inapplicable to the case *sub judice* as Merrill Lynch has not instituted separate lawsuits.

▌ A journalized order determining that a specific judgment lien constitutes the first and best lien, and which orders foreclosure upon the subject property is a judgment from which an appeal can be perfected. See *Queen City S. & L. Co. v. Foley* (1960), 170 Ohio St. 383, 11 O.O.2d 116, 165 N.E.2d 633; *Oberlin Savings Bank Co. v. Fairchild* (1963), 175 Ohio St. 311, 25 O.O.2d 181, 194 N.E.2d 580. Where the court finds that the other judgment liens are valid and subsisting, orders the property sold, and determines that the proceeds of the sale shall be applied to each such lien *in the order of their priority which is to be determined by later order,* the judgment entry is nevertheless appealable under Civ.R. 54(B). See *Toledo Trust Co. v. Wolff* (Feb. 16, 1990), Erie App. No. E-89-13, unreported, 1990 WL 12726. This is precisely what occurred in the instant case. Accordingly, appellants' contention that there was an impermissible "splitting of claims" is without merit.

Nevertheless, this court notes that the original $12,492 judgment for attorney fees, upon which the second judgment lien was predicated, had been

reversed by the Eighth District and remanded to the trial court for a new determination of an amount due. See *Merrill Lynch, supra,* 55 Ohio App.3d at 167–168, 563 N.E.2d at 51–52. The effect of this reversal was to vacate the $12,492 judgment lien, despite the fact that the trial court redetermined the amount due on remand to be exactly the same.

R.C. 2701.19 provides:

"When the party against whom a judgment is rendered appeals his cause, the lien of the opposite party on the real estate of the appellant that was created by the judgment, shall not be removed or vacated. The real estate shall be bound in the same manner as if the appeal had not been taken, until *final determination of the cause.*" (Emphasis added.)

Under R.C. 2701.19, a judgment lien is not affected by an appeal of the underlying judgment—*during the pendency of the appeal.* However, the implicit language of R.C. 2701.19 and common sense dictate that when the appellate court determines the underlying judgment to be erroneous and reverses, the judgment lien is no longer valid. See, generally, 62 Ohio Jurisprudence 3d (1985) 572–573, Section 246. Therefore, the $12,492 judgment lien was no longer a valid lien on the date of the court ordered foreclosure.

Accordingly, appellants' second assignment of error is with merit.

Based upon the foregoing, the judgment of the trial court ordering foreclosure upon appellants' property is modified with respect to the second assignment of error. In this regard, the second judgment lien pertaining to the award of attorney fees is vacated, since it can no longer be afforded the judgment lien status it originally enjoyed for purposes of priority under the foreclosure decree. It may, indeed, be reasserted, but its priority status will have to be redetermined. The remainder of the trial court's judgment is otherwise affirmed. Thus, the judgment of the trial court is modified and affirmed as modified.

*Judgment affirmed, as modified.*

HENDRICKSON, J., concurs.

CHRISTLEY, J., dissents.

WILLIAM R. HENDRICKSON, J., retired, of the Twelfth Appellate District, sitting by assignment.

CHRISTLEY, Judge, dissenting.

I respectfully dissent from the majority opinion concerning its interpretation of R.C. 2701.19. The majority opinion paraphrases the statute to the effect

that "a judgment lien is not affected by an appeal of the underlying judgment during the *pendency of the appeal.*" (Emphasis added.) However, that phrase is not used within the statute itself; rather the statute refers to the "final determination of the *cause.*" (Emphasis added.) The word "cause" is also used in the first sentence of that statute, to-wit: "When the party against whom a judgment is rendered appeals his cause * * *." The meaning of the word "cause" is not going to change within the context of the same paragraph. That being the case, "cause" would necessarily include not only an appeal, but any remand of an appeal. Such an interpretation would also be consistent with the apparent intent of the statute. I would, therefore, find that the position of priority of the attorney fees' lien was frozen as of the date of foreclosure until there was a "final determination of the cause." Thus, I would affirm the judgment of the trial court *in toto.*