**BANK ONE, AKRON, N.A., et al., Appellees,**

v.

**ATWATER ENTERPRISES, INC. et al., Appellants.**

[Cite as *Bank One, Akron, N.A. v. Atwater Ent., Inc.* (1994), 96 Ohio App.3d 59.]

Court of Appeals of Ohio,
Portage County.

No. 93–P–0059.

Decided June 20, 1994.

*Roger J. Stevenson* and *George W. Rooney, Jr.*, for appellees.

*Kenneth L. Gibson* and *Thomas J. Tangi*, for appellants.

FORD, Presiding Judge.

This accelerated calendar case comes from the Portage County Court of Common Pleas and has been submitted on the briefs. Appellants, Revere Pinnacle Group ("Revere"), Atwater Enterprises, Inc. ("Atwater"), and Amerind International, Inc. ("Amerind") appeal from the trial court's order granting summary judgment and decreeing foreclosure on a premises commonly known as

672 Stroup Road, Atwater, Ohio. The trial court determined the priority of liens as follows:

"(1) To the Clerk of Courts, the costs of this action, including the Clerk's fees, the Sheriff's fees, and the cost of the Judicial Reports;

"(2) To the Treasurer, taxes, assessments, penalties and interest due and payable on said Premises;

"(3) To Plaintiff Bank One, Akron, N.A., the principal balance of $513,367.11 plus interest from and after January 31, 1989 at the rate of $100.47 per day, less any payments that may be received between now and then;

"(4) To Plaintiff Bank One, Cleveland, N.A., the principal balance of $1,896,-723.15 plus interest at the rate of $414.27 per day, less $205.38 previously received, less any other payments that may be received between now and then; and

"(5) To the Clerk of Courts, the balance of funds, if any, to be held pending further order of this Court."

In order to fully comprehend the present case and the origin of the liens, it is necessary to understand the chain of title and previous litigation involving Revere's two most recent predecessors in title.

Atwater had title to the subject property and transferred it to Amerind on July 26, 1985. Subsequently, on June 23, 1986, Amerind transferred the property to Revere.

On August 12, 1985, Bank One of Akron, N.A. and Bank One of Cleveland, N.A., the third and fourth priority lienholders, filed a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against, among others, Atwater and Amerind. *Bank One of Cleveland, N.A. v. Abbe* (C.A.6, 1990), 916 F.2d 1067, 1070. Revere was not a party to this action. *Id.* at 1081.

On May 19, 1989, after a failure to comply with discovery orders, the federal district court entered a default judgment in favor of Bank One, Cleveland, and against Amerind and Atwater, among others, jointly and severally, in the amount of $1,896,723.15 plus per diem interest at a continuing rate of $414.27 from January 31, 1989 until paid. *Id.* at 1072. Additionally, the federal district court entered judgment in favor of Bank One, Akron, and against, among others, Atwater, jointly and severally, in the amount of $513,367.11, plus continuing per diem interest at a rate of $100.47 from January 31, 1989 until paid. *Id.*

In its decree, the district court determined that the conveyance from Atwater to Amerind was invalid, null and void. *Id.* at 1081. Based, in part, upon that conclusion, the district court determined that Revere had no interest in the land

because it appears last in a chain of title in which there was a fraudulent conveyance.

The district court's ruling was appealed. On appeal, the Sixth Circuit reversed the default judgment against two of the parties, Abbe and Strouse, who were jointly and severally liable to pay the sums owed to Bank One, Cleveland and Bank One, Akron. *Id.* at 1078. It affirmed as to all the other parties, including Atwater and Amerind. *Id.* at 1082. However, the court noted that the district court did not have personal jurisdiction over Revere Pinnacle. *Id.* at 1081. Thus, to the extent that the district court's order discusses Revere's interest in the land, the judgment was set aside. Last, the Sixth Circuit remanded the case to the district court to decide a motion to disqualify counsel. *Id.* at 1082. In so doing, the Sixth Circuit said that the district court was permitted to alter any portion of the default judgment affirmed by the Sixth Circuit if the district court's disposition of the disqualification issue required it. *Id.*

On remand, the district court, on September 14, 1992, denied the motion to disqualify counsel and expressly held that its ruling on such matter "does not affect those portions of the Default Judgment issued by [it] on May 19, 1989, and affirmed by the Sixth Circuit."

According to the foreclosure decree in the instant case, on May 24, 1989, Bank One, Cleveland and Bank One, Akron filed judgment lien certificates against the 672 Stroup Road premises for their respective awards in the federal RICO action. As previously indicated, the court granted summary judgment and ordered foreclosure.

Appellants appeal, assigning the following as error:

"1. The Common Pleas court erred in applying the doctrine of collateral estoppel or *res judicata* to Revere Pinnacle Group, Inc.

"2. The Common Pleas Court erred in granting a judgment of foreclosure against the property of Revere Pinnacle Group, Inc. when there is no judgment and no valid judgment lien against the property of Revere Pinnacle Group, Inc.

"3. The Common Pleas Court erred in granting summary judgment when there were material issues of disputed fact precluding summary judgment.

"4. The Common Pleas Court erred in applying the doctrine of *res judicata* to a nonfinal judgment of the United States District Court.

"5. The trial court erred in granting the Motion for Summary Judgment of the Portage County Treasurer when the evidence showed the existence of a payment agreement, a fact which was subsequently acknowledged in the Treasurer's withdrawal of the motion."

Appellants argue the first four assignments together; thus, we will consider them in a consolidated fashion.

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Moreover, "upon appeal from summary judgment, the reviewing court should look at the record in the light most favorable to the party opposing the motion." *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St.3d 54, 58, 24 OBR 135, 138, 493 N.E.2d 239, 242.

In our case, the trial court determined that Atwater owns the Stroup Road property despite the fact that there is a deed which shows Revere owns the property. The court based its conclusion on the federal district court's decree. Specifically, the trial court expressed its rationale as follows:

"[This] Court further finds that, on May 19, 1989, the United States District Court for the Northern District of Ohio rendered a judgment in Case No. C85–2266A declaring a July 26, 1985 conveyance of the Premises from Defendant Atwater Enterprises, Inc. to Defendant Amerind International, Inc. 'invalid, null, and void.' The Court therefore finds that Defendant Amerind International, Inc., and Defendant Revere Pinnacle Group, Inc., which claims to have received an interest in the Premises through Amerind International, Inc., have no interest in the Premises."

In effect, the trial court's ruling precludes Revere from defending its chain of title based upon a previous action in which it was not a party. Revere takes exception to this determination, arguing that collateral estoppel should not have been applied.

"There being the general requisite of an identity of persons and parties, or their privies, within the prior proceeding in order for the judgment or decree to operate as an estoppel, strangers to such a judgment or decree will not be affected thereby. *Woodward v. Moore* (1862), 13 Ohio St. 136, 143; *State, ex rel. Atty. Gen., v. Cincinnati Gas–Light & Coke Co.* (1868), 18 Ohio St. 262, 299; *Frank v. Jenkins Bro. & Chipman* (1872), 22 Ohio St. 597, paragraph four of the syllabus; *Burt v. Wilcox Silver Plate Co.* (1884), 41 Ohio St. 204, 205." *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 196, 2 OBR 732, 735, 443 N.E.2d 978, 982.

As stated, Revere was not a party to the first case; thus, only if Revere's privies were involved could Revere be precluded from relitigating its ownership.

The Restatement of the Law 2d, Judgments (1980) 10, Section 44, provides:

"Effect of Judgment Concerning Property Transferred While Action Is Pending

"A successor in interest of property that is the subject of a pending action to which his transferor is a party is bound by and entitled to the benefits of the rules of res judicata to the same extent as his transferor, unless:

"(1) A procedure exists for notifying potential successors in interest of pending actions concerning property, the procedure was not followed, and the successor did not otherwise have knowledge of the action; or

"(2) The opposing party in the action knew of the transfer to the successor and knew also that the successor was unaware of the pending action."

In our case, the federal action was commenced on August 12, 1985, and the transfer from Amerind to Revere occurred on June 23, 1986. Therefore, because the suit in the federal district court was pending when the land was transferred to Revere, unless one of the exceptions applies, Revere could be bound by the judgment. However, even if we were to consider Revere to be a privy, other considerations weigh against the application of collateral estoppel.

In *Goodson*, the court noted that "[t]he main legal thread which runs throughout the determination of the applicability of * * * collateral estoppel, is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense." *Id.*, 2 Ohio St.3d at 200–201, 2 OBR at 739, 443 N.E.2d at 985.

The court expounded:

"Collaterally estopping a party from relitigating an issue previously decided against it violates due process where it could not be foreseen that the issue would subsequently be utilized collaterally, and where the party had little knowledge or incentive to litigate fully and vigorously in the first action due to the procedural and/or factual circumstances presented therein." *Id.* at 201, 2 OBR at 739, 443 N.E.2d at 986.

In our case, we note that Atwater and Amerind had little incentive to advance Revere's interest. The deed from Amerind to Revere was a quitclaim deed. This greatly reduced Amerind's individual liability in the event that the federal district court determined that it did not have good title. Furthermore, it was in both Amerind's and Atwater's interest to have the conveyance to Revere deemed invalid because they could then use the property to satisfy the judgments against them.

" 'The doctrine of res judicata may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.

" ' * * *

"Underlying all discussion of the problem must be the principle of fundamental fairness in the due process sense. It has accordingly been adjudged that the public policy underlying the principle of res judicata must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which to present his case. * * * ' " *Id.*, 2 Ohio St.3d at 202, 2 OBR at 740–741, 443 N.E.2d at 986–987, quoting 46 American Jurisprudence 2d, 569–570, Judgments, Section 402.

Under the present scenario, we conclude that collaterally estopping Revere from litigating the title issue was improper. Therefore, that aspect of the judgment against Revere is reversed as well as the trial court's foreclosure decree.

■ Next, all appellants contend that the trial court erred in applying *res judicata* in the present case because the federal district court's order after remand is not a final order. In support, they assert that it does not contain Civ.R. 54(B) language and does not adjudicate all the claims and rights and liabilities of all the parties. We disagree.

On remand, the district court's order denied the motion to disqualify counsel and held that its ruling does not affect those portions of its default judgment previously issued and affirmed by the Sixth Circuit. We interpret the order as a statement that the district court found no need to alter any portion of its previous opinion or the Sixth Circuit's decision as it was permitted, but not required, to do. Thus, the district court's order addresses and adjudicates all the claims and rights and liabilities of all the parties. Accordingly, Civ.R. 54(B) language was not required in order to make it final. Thus, this argument is meritless.

■ All appellants cite *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stark* (1991), 75 Ohio App.3d 611, 600 N.E.2d 354, for the proposition that the judgment liens filed on May 24, 1989 by Bank One, Akron and Bank One, Cleveland, before the Sixth Circuit's opinion was issued, were destroyed by the remand to the district court.

R.C. 2701.19 provides:

"When the party against whom a judgment is rendered appeals his cause, the lien of the opposite party on the real estate of the appellant that was created by

the judgment, shall not be removed or vacated. The real estate shall be bound in the same manner as if the appeal had not been taken, until final determination of the cause."

In *Merrill Lynch*, this court interpreted such statute in the following manner:

"Under R.C. 2701.19, a judgment lien is not affected by an appeal of the underlying judgment—*during the pendency of the appeal.* However, the implicit language of R.C. 2701.19 and common sense dictate that when the appellate court determines the underlying judgment to be erroneous and reverses, the judgment lien is no longer valid. See, generally, 62 Ohio Jurisprudence 3d (1985) 572–573, Section 246." (Emphasis *sic.*) *Id.* at 615, 600 N.E.2d at 356.

Therefore, only if an appellate court finds a lower court's determination erroneous and reverses does a judgment lien become invalid.

In our case, the Sixth Circuit affirmed the decree as to Atwater and Amerind. Furthermore, in remanding, the Sixth Circuit did not find the district court's disposition of the disqualification of counsel issue erroneous, merely unreviewable. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d at 1082. Therefore, *Merrill Lynch* is inapplicable and at this point, the judgment liens remained valid. However, ultimately, if Revere is determined to be the owner of the premises, the validity of the liens should be re-examined.

In the fifth assignment, Revere argues that the trial court erred in granting summary judgment in favor of the Portage County Treasurer because it was current on its payment agreement. Revere does not refer to any portion of the record in support as required by App.R. 16(D). Therefore, this assignment is overruled. However, because the trial court's order was reversed for other reasons, it is permitted to alter this portion of its decree and our affirmance, if, on remand, the trial court determines that appellant is current on its payment plan.

Based on the foregoing, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion. Specifically, there remains a genuine issue as to the status of Revere's claim of title and whether the liens of record may be executed against the subject property.

*Judgment accordingly.*

JOSEPH E. MAHONEY, J., concurs.

CHRISTLEY, J., concurs in judgment only.

CHRISTLEY, Judge, concurring in judgment only.

I concur in judgment only, based on the fact that appellees failed to submit evidentiary materials with their motion for summary judgment demonstrating that the conveyance from Amerind to Revere occurred *subsequent* to Amerind's having been joined as a party defendant in the district court proceedings. Had appellees been able to show this, I would conclude that Revere should be collaterally estopped from litigating the issue of the validity of the conveyance from Atwater to Amerind. I would employ the rationale as set forth in Restatement of the Law 2d, Judgments (1980) 10–11, Section 44, Comment *a*, which states:

"*a. Rationale.* * * * If [the successor in interest] is aware of the litigation but does not join as a party, he acquiesces in the transferor's continuing, for purposes of the litigation, to be the apparent owner of the interest in the property. His doing so is in effect treating the transferor as his representative in the action. * * *

"If the successor is not aware of the pending action concerning the property, the problem is one of choosing between burdening him with the judgment in an action in which he had no actual opportunity to participate and burdening the opposing party with having to relitigate a controversy that he had every reason to suppose had been put to rest by the judgment against the transferor. *When the equities are in this balance, the burden is properly placed on the successor.* Aside from whatever weight may be given to the principle of *caveat emptor* are the considerations that the successor usually has an express or implied right of indemnity against the transferor for loss resulting from the judgment; the successor changed the status quo regarding ownership and may justly be burdened with losses which might be expected possibly to result; and, if the rule were otherwise, the stabilizing effect of a judgment concerning the property *could indefinitely be postponed by successive transfers.*" (Emphasis added in part.)

The above rationale applies in situations where a transfer of property occurs subsequent to the transferor having been made a party to a suit involving the property. In those instances, Section 44 of the Restatement properly binds the transferee (Revere) by the rule of collateral estoppel to the same extent as it would the transferor (Amerind) and, thus, Revere would be collaterally estopped from relitigating the issue of the validity of the original conveyance from Atwater to Amerind.

In the present case, however, it appears that the conveyance from Amerind to Revere occurred *prior* to the date that Amerind was added as a party defendant in the district court action. In their briefs submitted to this court, both parties acknowledge that Amerind had yet to be named a party defendant when it

conveyed the property to Revere. Given this chronology, Comment *f* to Section 44 indicates that Revere should not be collaterally estopped from litigating the issue of the validity of the conveyance from Atwater to Amerind:

"*f. Persons acquiring interests before commencement of action.* * * * Upon the transfer having been made, the transferor terminates his interest insofar as it is transferred and either ceases to have any connection with the property or, where he retains an interest in the property, assumes the position of a co-owner. * * * His *then* becoming a party to an action concerning the property does not make him in any sense a representative of his successor in estate." (Emphasis added.) *Id.* at 12.

Revere acquired its interest (if any) before the action was commenced against Amerind and, therefore, Amerind's interest in the property was ostensibly terminated for purposes of characterizing Amerind as the representative of Revere's interest in the district court action.

While a review of the record fails to conclusively demonstrate that Revere ever received notice, actual or otherwise, of the action against Atwater and Amerind, it is interesting to note that Atwater conveyed the property to Amerind just three weeks before appellee's RICO action was commenced in the district court. Nine months later, Amerind conveyed the property to Revere, just four months before it was added as a party defendant. The district court found the conveyance from Atwater to Amerind to be void. Further, in its reply filed in the common pleas court, Revere admitted that it had received the subject property by quitclaim deed for less than a fair consideration.

Certainly, the concern expressed in Comment *a* to Section 44 has been realized by this court's holding: the judgment concerning the property has been indefinitely postponed by successive transfers. I concur in judgment solely on the basis that appellees failed to establish that the conveyance from Amerind to Revere occurred subsequent to Amerind's having been joined as party defendant in the district court action.