Appellant Roy Larson ("Mr. Larson") has attempted to appeal from the judgment of the Medina County Court of Common Pleas ordering the foreclosure of real property. We dismiss the appeal because the order from which Mr. Larson appeals is not a final, appealable order.
Mr. Larson owns a parcel of real property ("the Reimer property") located on Reimer Road in Wadsworth Township, Medina County, Ohio. Prior to 1996, three liens had been filed against the Reimer property: a mortgage held by Old Phoenix National Bank ("the Bank"), and two mortgages currently held by the Elmer L. Larson and Roy B. Larson Family Limited Partnership ("the Partnership").
On June 25, 1996, appellee Joan Larson ("Mrs. Larson") obtained a judgment against Mr. Larson in the Portage County Court of Common Pleas for arrearages in child support and spousal support, in the amount of $64,408.85. On June 28, 1996, Mrs. Larson filed a judgment lien in the amount of $64,408.85, plus interest, against the Reimer property in Medina County.
On October 15, 1996, Mr. Larson filed a complaint in the Medina County Court of Common Pleas. The complaint named Mrs. Larson as defendant and sought to have Mrs. Larson's judgment lien held not to be a lien upon the Reimer property. Mrs. Larson answered and counterclaimed for foreclosure. The counterclaim named as defendants several parties that might have an interest in the Reimer property, including Mr. Larson, the Bank, the Partnership, and the Medina County Treasurer. Each of the counterclaim defendants answered and set forth that party's interest in the Reimer property.
Mr. Larson moved for summary judgment, and Mrs. Larson moved for summary judgment as to Mr. Larson's complaint. The trial court denied Mr. Larson's motion and granted Mrs. Larson's motion. Mrs. Larson then moved for summary judgment on her counterclaim. Only Mr. Larson responded to the motion.
The trial court granted Mrs. Larson's motion and ordered the foreclosure and sale of the Reimer property. With respect to the priorities of the various claims asserted against the Reimer property, the trial court's order set forth the following:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Sheriff upon confirmation of the sale, shall pay the proceeds of the sale upon the claims found the amount thereof in the following order of priority as determined by the Court, to wit:
 1. To the Clerk of Courts: The costs of this action, including the cost of the Judicial Title Report filed herein; the Clerk's fees and the Sheriff's fees.
 2. To the Treasurer of Medina County, Ohio: Any taxes and assessments legally assessed against the premises, including interest and penalties, if any, which are due and payable thereon as of the date of sale.
 3. The balance to the Clerk of this Court, to be held subject to the further order of this Court.
Mr. Larson timely filed a notice of appeal to this court.
Mr. Larson asserts three assignments of error. We shall address only the first, as it is dispositive of the appeal.
 First Assignment of Error THE COMMON PLEAS COURT COMMITTED ERROR BY ORDERING A FORECLOSURE WITHOUT DETERMINING THE PRIORITIES OF ALL LIENHOLDERS.
In the first assignment of error, Mr. Larson contends that the trial court's order did not determine the priority of the liens asserted against the property. Therefore, because the priority of liens has not been determined, Mr. Larson argues that the trial court's order is not a final, appealable order. We agree.[1]
An order that orders a foreclosure sale and finds the amount(s) due any claimant(s) is a final, appealable order.Oberlin Sav. Bank Co. v. Fairchild (1963), 175 Ohio St. 311, 312, citing Queen City S. L. Co. v. Foley (1960),170 Ohio St. 383. However, in the case at bar, the foreclosure order does not set forth the priorities of all claimants. Instead, all claims other than that of the clerk of courts, the sheriff, and the county treasurer are amalgamated into one mass "to be held subject to the further order of" the trial court.
Other district courts of appeals have held that a foreclosure order that does not establish the priorities of all interests in a subject property is not a final, appealable order. Gaul v. Leeper
(July 15, 1993), Cuyahoga App. No. 63222, unreported; E. ClevelandS. L. Co. v. Whiting (June 30, 1993), Lake App. Nos. 92-L-070/92-L-122, unreported; Alpine Terrace Condominium UnitOwners Assn., Inc. v. Volz (Nov. 4, 1992), Hamilton App. No. C-910852, unreported. These courts have reasoned that the order does not resolve all claims against all parties, because the amounts due to one or more claimants have not been determined. See, also, Merrill Lynch, Pierce, Fenner Smith, Inc. v. Stark
(1991), 75 Ohio App.3d 611, 614.
We agree with these other districts and hold that the trial court's order in the case at bar is not a final, appealable order. The priorities of the Bank, the Partnership, and Mrs. Larson with respect to the Reimer property have not been determined.[2]
Therefore, the trial court's order does not "determine the action and prevent a judgment." R.C. 2505.02(B) (1).
We are without jurisdiction to hear the present appeal. Accordingly, the appeal is dismissed.
Appeal dismissed.
 KK
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, P. J.
WHITMORE, J.
CONCUR
[1] Mr. Larson argues that we should reverse the trial court. However, if the trial court's order is not a final, appealable order, we are without jurisdiction to reverse the order and may only dismiss the appeal.
[2] We express no opinion as to whether, under these circumstances, a finding by a trial court pursuant to Civ.R. 54(B) that there is no just reason for delay would render the foreclosure order in the case at bar a final, appealable order. The court of appeals cases cited supra differ as to the application of Civ.R. 54(B) in such circumstances.