St. Clair Savings Assn., Appellee, *v.* Janson et al., Appellants.

[Cite as St. Clair Savings v. Janson
(1974), 40 Ohio App. 2d 211.]

(Nos. 32673 and 32683—Decided April 4, 1974.)

*Messrs. Hribar, Conway & Knuth,* for plaintiff-appellee.

*Messrs. Krause, Klein, Fuerst & Golohoff, Mr. Austin T. Klein* and *Mr. Harry W. Schwab, Jr.,* for appellants.

*Mr. Wallace B. Heiser,* for defendants-appellees.

JACKSON, J. Plaintiff appellee St. Clair Savings and Loan Association filed a foreclosure action on June 6, 1972, against nine defendants. In an amended complaint filed on June 27, 1972, plaintiff named additional defendants, including Thomas Widenmeyer, dba Widenmeyer Construction; Anthony Giaimo, dba Topps Decorating, appellants in Case No. 32673, and Brown-Graves Company, appellant in Case No. 32683. The two appeals were consolidated for hearing by this court.

At the time that plaintiff appellee filed the foreclosure action, David L. Janson was the owner of recorded title to three parcels of real estate in Brecksville, Ohio. David and his wife, Sue Janson, had executed mortgages on these parcels to plaintiff St. Clair Savings Association.

In a judgment entry journalized on January 10, 1973, in the Cuyahoga County Court of Common Pleas, Judge Frank J. Gorman made a finding that the aforesaid mortgages were good, valid and subsisting, and constituted valid first liens on the parcels. The court further found that: (1) the conditions of said mortgages had been broken and that plaintiff St. Clair Savings Association was entitled to foreclosure; (2) that the aggregate amount due from the defendant Jansons to the plaintiff was $118,515.75, plus interest; (3) that other defendants, including appellants herein, all claimed an interest in the parcels; (4) that the claims of these 13 defendants were inferior to the claim of plaintiff St. Clair Savings Association; (5) that no finding as to the validity or priority of the claims of these 13 defendants was made, but these claims were trans-

ferred to the proceeds derived from the sale of the parcels after the payment of the costs, taxes and the amount due the plaintiff therein.

The court then ordered a sale of the three parcels as one unit, and a distribution of the proceeds as hereinbefore detailed.

On March 12, 1973, plaintiff and all defendants, including the appellants and appellees herein, met in court in a pre-trial hearing on the validity and priority of the remaining liens and mortgages. All parties to the present appeal were represented by counsel at this hearing.

In a second judgment entry approved March 30, 1973, and filed April 2, 1973,[1] the court found that all the parties present at the pre-trial hearing of March 12, 1973, conceded the validity and priority of the three liens of Virginia Darmstatter, Robert P. Velotta, Michael F. Velotta, Sr. and Michael F. Velotta, Jr. The court found that these liens were prior to the lien rights of all other parties, except plaintiff St. Clair Savings Association.

The parties conceded the priority of the three mortgage liens, but a question arose as to whether the lien of said mortgages applied in full to each sublot or had to be spread in some fashion over all the lots in question. The court set March 19, 1973, as the day certain on or before which any party desiring to raise the question of spreading the liens should file a brief on the subject. No briefs were filed and the court, in its second judgment entry, held that all objection to the validity and priority of the three mortgages was waived.

The court, in the second judgment entry, then established that Virginia Darmstatter had two mortgages prior in rights to all but the mortgages of plaintiff St. Clair Savings Association, and the Velottas' mortgage lien was next in line of priority after the Darmstatter mortgages.

The court then ordered that the balance of the proceeds, after payment of plaintiff St. Clair Savings Association, be distributed as follows:

---

[1]Contained in written stipulations of counsel for the parties filed with the court January 21, 1974.

First—$197,412.41 to Virginia Darmstatter

Second—$287,500.00 to Virginia Darmstatter

Third—$287,500.00 to Robert P. Velotta, Michael F. Velotta, Sr. and Michael F. Velotta, Jr.

Fourth—Balance of proceeds, if any, to be held pending further order of the court.

On April 18, 1973, appellant Widenmeyer filed a notice of appeal; on April 23, 1973, appellant Brown-Graves also filed an appeal. Appellant Giaimo has joined in the appeal of Widenmeyer, and the following errors are assigned:

"1. Failure of the trial court to abide by the Rules of the Court of Common Pleas, Cuyahoga County, Ohio which failure was prejudicial to the rights of the Defendants-Appellants herein.

"2. Failure of the trial court to abide by the Rules of Civil Procedure.

"3. Error manifest upon the transcript of the pleading as shown by the Court's Order of January 10, 1973.

"4. Error by the trial court in determining the order of priority without taking into account the pleadings then filed, including the Plaintiff's Answer to Interrogatories.

"5. Error by the trial court in making a finding of the order of priority as to the second mortgages but not to the Mechanic's Lien claimants, where no testimony was taken nor exhibits presented.

"6. Failure of the trial court to require Plaintiff-Appellee and Defendants-Appellants, VIRGINIA DARMSTATTER, from proceeding against other assets of the Defendant, DAVID L. JANSON, upon which the mortgage indebtedness was a lien, in which they alone had a lien.

"7. Failure of the trial court to protect the small artisans' mechanic's liens by not requiring a separate sale of each parcel of land."

Appellant Brown-Graves assigns six errors which are identical, for all practical purposes, to the first six errors assigned by appellant Widenmeyer.

Before making disposition of the errors assigned by appellants, we must resolve a question raised during arguments before this court, to-wit: is the first judgment of the

court below, which determined that the lien of plaintiff appellee St. Clair Savings Association was prior to all other liens, including the liens of appellants herein, a final appealable order?

R. C. 2505.02 provides that:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

"When a court makes such an order granting a new trial, setting aside or vacating a judgment, the court upon the request of either party, shall state in the order the grounds upon which the new trial is granted and the judgment vacated or set aside."

There are apparently no Ohio cases directly on point. However, the first syllabus of *Morris, Supt. of Ins.*, v. *Investment Life Ins. Co.*,[2] construing R. C. 2505.02, holds that "[i]n a special proceeding, where an order of the trial court forecloses to a petitioner for intervention the remedy with which he seeks to protect substantial rights and accords him some lesser alternative, such order is appealable."

Consequently, a substantial right of the appellants— their chance to be declared first in priority of creditors— was foreclosed by the first judgment; appellants were left to a lesser alternative—a possible second priority. We, therefore, hold that the first judgment by the trial court was a final appealable order.

No appeal was taken from the first judgment entry of the trial court dated January 10, 1973. Therefore, the assignments of error will be considered only in relationship to the second judgment entry of the trial court.

*Assignment of error No. 1 is overruled.*

Appellant asserts that the trial court committed prej-

[2] (1966) 6 Ohio St. 2d 185.

udicial error in failing to abide by the rules of the Court of Common Pleas of Cuyahoga County. Specifically, appellants aver that Rules 15(C), 15(D), 16, 18, 19(B), 21(I)(A), 21(55)(B), 21(II)(D) and 24, of Cuyahoga County Common Pleas Court were violated.

The thrust of this assignment is that appellants attended a pretrial hearing, but the court announced its decision without scheduling the case for trial, thereby denying the appellants their day in court.

Plaintiff appellee counters that this foreclosure proceeding was accomplished by following established legal procedure, and that appellants failed to understand the trial court's procedure in the foreclosure action.

Rules 15(C), 15(D), 16, 18, 19(B) of the Rules of the Court of Common Pleas of Cuyahoga County have application only if, in addition to a hearing before a referee, appellants were entitled to another trial before the court. Appellants misconstrue the function of a referee's hearing which is held in lieu of and not in addition to trial before a judge. Civil Rule 53.

Rule 21 of the Cuyahoga County Common Pleas Court Rules clearly excludes foreclosure actions from its application.

In summary, none of the procedural rules which appellants assert were violated have application to the case at bar. Accordingly, we hold that the first assignment of error is without merit.

*Assignment of error No. 2 is overruled.*

This assignment is also predicated on the faulty premise that a hearing before a referee is merely a prelude to a trial on the merits.

Appellants also assert that it was impossible for them to object to the finding of priority as to plaintiff St. Clair Savings Association's mortgage.[3] The priority of plaintiff's mortgage was announced in the first judgment entry journalized on January 10, 1973. Appellants did not file a notice of appeal from this judgment, and are thereby precluded

---

[3] Page 11 of appellant Widenmeyer's brief.

from challenging this judgment entry in their present appeal.

There is no conflict between Cuyahoga County Common Pleas Court Rule 21 and Ohio Civil Rule 16. In fact, Civil Rule 16 specifically permits a court to adopt pretrial procedures such as Cuyahoga County Common Pleas Court Rule 21. Accordingly, this assignment is without merit.

Assignment of error No. 3 has not been briefed by either of the appellants, and accordingly will be disregarded pursuant to provisions of Appellate Rule 12(A).

*Assignment of error No. 4 is overruled.*

Appellants contend that the referee's report of January 10, 1973, does not reflect that it was based upon the pleadings and the evidence.

This assignment of error is without merit for two reasons: (1) it constitutes another attempt to belatedly attack the January 10, 1973, judgment entry of the court; and (2) the first sentence of the January 10, 1973, journal entry states that the court based its findings on "* * * the recommendations of the referee and upon the pleadings and the evidence * * *."

*Assignment of error No. 5 is overruled.*

In this assignment of error appellants complain that it was error for the trial court to find the priority as to the second mortgages, but not as to the mechanic's liens claimants.

The two judgment entries of the court do hold that any mechanic's liens of the appellants are inferior to (1) the $118,515.75 liens of plaintiff St. Clair Savings Association, (2) two liens of Darmstatter totalling $484,912.14 and (3) the Velottas' lien of $287,500.00.

The sheriff was ordered to hold the balance, after payment of these liens, pending further order of the court. Consequently, appellants have not been prejudiced by the reasonable decision of the court to hold judgment on the priority of the junior liens until such time as it becomes clear that the proceeds of the sale will provide an amount in excess of the senior liens.

*Assignments of error Nos. 6 and 7 are overruled.*

In these two assignments of error appellants claim that the trial court committed prejudicial error in placing appellee's liens on all three lots rather than requiring the St. Clair Savings Association and Virginia Darmstatter to proceed against only one lot.

Appellants cite the doctrine of marshalling of assets in support of their position. This doctrine holds that where a debtor gives his creditors two mortgages, each being on separate parcels not of the same tract, a subsequent mortgagee of one tract can insist that the first mortgage be satisfied, as far as possible from the other lot. *See* 37 Ohio Jurisprudence 2d 354, Mortgages, Section 168, and cases cited therein.

Appellants were given an opportunity to present an argument for marshalling or ''spreading'' of liens by the court below, but they did not take advantage of the opportunity.

The doctrine of marshalling of assets is an equitable doctrine, and when the proceeds of a particular fund have been approprated in good faith, equity will not disturb such appropriation. *Defrees* v. *Greenham* (1860), 11 Ohio St. 486. Appellants have slept on their rights below, and should not be heard to complain in this court.

Further, to attempt to relegate the senior liens to any one parcel may possibly work an injustice to the claims of other defendants whose junior liens attach to only one particular parcel. Under these circumstances the equitable doctrine of marshalling of assets should not be applied. Accordingly, we hold these two assignments of error without merit.

*Judgment affirmed.*

KRENZLER, P. J., and DAY, J., concur.