860 F.2d 1081
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick W. WALTON, Plaintiff-Appellant,
v.
Richard M. ROGERS; J.R. Dickey, Officer; Defendants 1-50, Defendants,
Wright Sheffield, Officer; Richard B. McQuade, Jr., Judge;
James G. Carr, Mag., Defendants-Appellees.
 No. 88-3307.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1988.
 
 1
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges, and JAMES L. GRAHAM, District Judge.*
 
 ORDER
 
 2
 This pro se plaintiff appeals the district court's judgment in his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Frederick W. Walton originally sued defendant police officer Sheffield and other defendants who are not parties to this appeal, seeking compensatory and punitive damages for alleged violations of plaintiff's rights arising out of the issuance of several traffic citations. After the other defendants were granted dismissal and summary judgment, plaintiff filed a supplemental complaint against the district court judge and magistrate, alleging that they had denied him a jury trial, default judgment and discovery. The case was transferred to another district court judge, who granted defendant Sheffield's motion for summary judgment and the defendant judge and magistrate's motion to dismiss.
 
 
 4
 Upon consideration, we conclude that plaintiff was not entitled to a default judgment against defendant Sheffield, as he failed to comply with Fed.R.Civ.P. 4. Default judgments are disfavored, and there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment. Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. and Can., 674 F.2d 1365, 1369 (11th Cir.1982). Furthermore, we find no error in the district court's granting of summary judgment to defendant Sheffield on the basis of qualified immunity. Plaintiff did not respond to the motion by pleading facts describing a violation of a clearly established right. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Finally, the remaining defendants were clearly entitled to a dismissal, both on procedural grounds and on the merits. Plaintiff did not serve the United States Attorney or the Attorney General, Light v. Wolf, 816 F.2d 746 (D.C.Cir.1987), and did not request leave of court to file the supplemental complaint. Fed.R.Civ.P. 15. On the merits, these defendants were protected by absolute judicial immunity, as all the acts complained of were judicial in nature. Forrester v. White, 108 S.Ct. 538 (1988); Briscoe v. LaHue, 460 U.S. 325 (1983); Stump v. Sparkman, 435 U.S. 349 (1978).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, U.S. District Judge for the Southern District of Ohio, sitting by designation