In re Frederick J. **HOFF**, Debtor.

Sara J. **DANEMAN**, Trustee, Plaintiff,

v.

**FEDERAL HOME LOAN MORTGAGE CORP., et al.,** Defendants.

Bankruptcy No. 2–91–04526.
Adv. No. 94–0089.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 10, 1995.

Sara Daneman, Chapter 7 Trustee, Blacklick, Ohio.

Thomas J. Novack, McNamara and McNamara, Columbus, Ohio, for North American Specialty Insurance Company.

J. Patrick Thomas, Columbus, OH, for Defendant American Express Centurion.

James W. Wheeler, Teaford, Rich, Coffman & Wheeler, Columbus, OH, for Defendant FHLMC.

Jeffrey P. Hopkins, Assistant U.S. Attorney, Columbus, OH.

Gregory S. Severance, Assistant Attorney General, Columbus, Ohio.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matters before the Court are the Motions for Summary Judgment filed by Defendants, Federal Home Loan Mortgage Corporation ("FHLM"); North American Specialty Insurance Company ("NASIC"); American Express Centurion ("American"); and the United States of America on behalf of the Internal Revenue Service ("IRS").

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### I. *Findings of Fact*

Debtor Frederick J. Hoff ("Debtor") filed his petition for relief under Chapter 7 of the Bankruptcy Code on June 14, 1991. Sara J. Daneman is the duly appointed Chapter 7 Trustee in this proceeding. The bankruptcy estate included certain real property located at 6639 Belleshire Drive, Columbus, Ohio ("the Property"). The parties to this action filed a Stipulation of Facts ("Stipulation") which the Court incorporates by reference for purposes of its ruling. Based on the Stipulation, the relevant facts for deciding this matter are not contested, and the Court is able to render a decision. Some of the relevant facts as stipulated by the parties are set forth herein.

FHLM had a lien against the Property pursuant to an assignment of mortgage executed by Debtor on May 3, 1978. NASIC had a lien against the Property by virtue of a Certificate of Judgment filed February 13, 1990, and duly recorded with the Clerk of Courts for Franklin County, Ohio. American had a lien against the Property by virtue of a Certificate of Judgment filed November 26, 1990, and duly recorded with the Clerk of Courts. The IRS filed a Notice of Tax Lien on February 4, 1991, as a result of tax as-sessments made on June 19, 1989, and November 27, 1989.

NASIC filed a foreclosure action against the Property in the Common Pleas Court of Franklin County, Ohio, on or about October 22, 1990, naming Debtor, FHLM, and the State of Ohio Department of Taxation as Defendants. The IRS was not named as a defendant to the foreclosure action. NASIC obtained a Default Judgment Entry and Decree in Foreclosure against FHLM and Debtor on April 4, 1991 (the "Foreclosure Judgment"). Debtor filed this bankruptcy proceeding on June 14, 1991, prior to any foreclosure sale of the Property. After receiving relief from the automatic stay, FHLM filed a Motion for Relief from Judgment in the state court alleging that it had mistakenly allowed default judgment to be entered against it in the foreclosure action. On June 7, 1993, the state court overruled FHLM's Motion for Relief From Judgment, and on November 9, 1993, the Court of Appeals affirmed that decision. Pursuant to this Court's Order entered January 7, 1992, the Trustee sold the Property pursuant to 11 U.S.C. § 363. The Trustee commenced this adversary action by filing the Complaint for Declaratory Judgment and to Determine Validity and Extent of Liens on April 19, 1994. Defendants State of Ohio Department of Taxation, and City of Columbus Division of Taxation were named as Defendants herein, but failed to appear and defend this action, and Plaintiff filed a request to enter default by Clerk as to those defendants.

This Court is called upon to decide the effect of the Foreclosure Judgment and the priority of the liens for purposes of distribution of sale proceeds. FHLM argues that its rights were not determined by the Foreclosure Judgment, and it has the first and best lien inasmuch as a foreclosure sale never took place. Defendants NASIC, American and the IRS argue that FHLM's lien was extinguished by the Foreclosure Judgment, and the other secured creditors' liens take priority over FHLM.

### II. *Conclusions of Law*

In order to prevail on a Motion for Summary Judgment, the movant must show that

"there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c), adopted and incorporated by Fed. R.Bankr.P. 7056. In making a ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The parties do not dispute the relevant facts in this case, but disagree as to the preclusive effect of the Foreclosure Judgment. If the Foreclosure Judgment, undisputedly a final judgment of the state court, is *res judicata* as to the priority, validity and extent of the liens attached to the Property, FHLM will lose its status as a secured creditor.

■ NASIC filed its foreclosure action naming FHLM, American and the State of Ohio as parties. A foreclosure action may operate to determine the priority, validity, and extent of all liens on the property whose holders are made party to that action. *Society Bank and Trust Co. v. Zigterman,* 82 Ohio App.3d 124, 127, 611 N.E.2d 477 (1992); *see also,* 69 O.Jur.3d §§ 325, 352. In *Society Bank,* a junior lienholder instituted a foreclosure action. The trial court entered a default judgment against the senior mortgage holder, who had previously been dismissed as a party to that action, and attempted to extinguish the rights of the senior mortgage holder. The property was sold at sheriff's sale. The senior mortgage holder appealed from the trial court's denial of its Rule 60(B) motion for relief from judgment. The court of appeals reversed the trial court inasmuch as the senior mortgage holder had been dismissed as a party to the foreclosure action, and its rights could not be determined by that proceeding. A senior mortgage holder is not a necessary party to a foreclosure action. *Society Bank,* 82 Ohio App.3d at 126, 611 N.E.2d 477. If the senior mortgage holder is not a party to a foreclosure action its rights will not be determined by that proceeding. "However, if the senior mort-

gagee is named as a party-defendant, or intervenes in the action to assert its interest, it receives priority in the distribution of the sale proceeds, even if a junior mortgagee initiated the action." *Society Bank,* 82 Ohio App.3d at 127, 611 N.E.2d 477.

FHLM relies on *Barnes v. Cady,* 232 F. 318 (6th Cir.1916), arguing that the prior foreclosure action, instituted by a junior judgment lienholder, does not preclude the senior lienholder from asserting the validity, priority, and extent of the senior mortgage. In *Barnes,* the senior mortgage holder instituted a foreclosure action, naming the second mortgage holder and the mortgagor as defendants. After the entry of the foreclosure decree, but before the foreclosure sale, the mortgagor agreed to sell the subject property to his brother, who agreed to pay the first mortgage in full and purchase the property. The mortgagor's brother then satisfied the first mortgage and obtained dismissal of the foreclosure suit. No foreclosure sale took place in that action. The junior mortgage holder brought suit to enforce his mortgage. In response, the brother that purchased the property argued that the prior judgment precluded the junior mortgage holder from asserting his mortgage. The court held that the validity of the junior lien was not actually litigated, and the foreclosure action was not dispositive. "[T]he only issue there decided, or necessarily involved, between the first and second mortgagees was the priority of their respective mortgages ..." *Barnes,* 232 F. at 322.

The *Barnes* court held that the scope of a foreclosure suit is narrow. In considering allegations similar to those made here, the question of the validity of the mortgage was not considered determinable in the foreclosure suit, and the plaintiff was only able to assert the validity and priority of his own lien. *Barnes,* 232 F. at 318, 323. "If, however, it was intended by such a decree to determine as between the two defendants the validity or existence of the junior mortgage, the decree was, to that extent, beyond the jurisdiction of the court, and void." *Barnes,* 232 F. at 323.[1]

---

**1.** The jurisdictional limit question in *Barnes* is    inapplicable here since there was no appeal of

■ When asked to give preclusive effect to a prior state court judgment, a federal court must apply that state's laws of *res judicata* to determine the preclusive effect of the prior judgment. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). A federal court must give the same preclusive effect to the prior judgment as would a court of the state in which the judgment was rendered. *See Marrese, supra.* Here, an Ohio Court of Common Pleas rendered the prior Foreclosure Judgment. Thus, this Court must give the same preclusive effect to the foreclosure judgment as would another state court in Ohio.

> *Res judicata,* or claim preclusion . . . is the doctrine, simply stated, by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment . . . It precludes not only relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated.

*Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660–61 (6th Cir. 1990); *cert. den.* —— U.S. ——, 113 S.Ct. 623, 121 L.Ed.2d 556 (1992). *See also Norwood v. McDonald,* 142 Ohio St. 299, 305, 52 N.E.2d 67 (1943). For *res judicata* to apply in Ohio: (1) the judgment in the prior suit must be final; (2) the prior judgment must be rendered on the merits; and (3) both lawsuits must be based on the same "claim" or "cause of action." *See generally, Norwood,* 142 Ohio St. at 299–300, 52 N.E.2d 67.

■ First, for *res judicata* to apply, the judgment in the prior suit must be final. *Norwood,* 142 Ohio St. at 305, 52 N.E.2d 67. The prior Ohio state court decree in foreclosure is a final judgment. The entry of a decree in foreclosure is a final and appealable

judgment. *Queen City Savings and Loan Co. v. Foley,* 170 Ohio St. 383, 165 N.E.2d 633 (1960); *Oberlin Savings Bank Co. v. Fairchild,* 175 Ohio St. 311, 194 N.E.2d 580 (1963); *St. Clair Savings Assn. v. Janson,* 40 Ohio App.2d 211, 318 N.E.2d 538 (1974). That no foreclosure sale occurred here, due to the filing of this bankruptcy case, does not affect the finality of the Foreclosure Judgment. "[A]lthough there still remains something to be done in an action, if the general equities and rights of the parties have been settled by an order, that order determines the action and is final even though supplementary and executive orders may still be necessary to fully implement the rights so determined." *Sellman v. Schaaf,* 17 Ohio App.2d 69, 77, 244 N.E.2d 494 (1969); O.R.C. § 2505.02. The Foreclosure Judgment gives finality to the foreclosure action. The foreclosure sale is an additional measure that must be taken to carry out the Court's final judgment. "As between the parties, a final decree of foreclosure is a conclusive adjudication of all matters that are properly at issue and determined in the foreclosure proceeding." 69 O.Jur.3d, Mortgages, § 386. A Decree in Foreclosure is a final judgment from which appeal could be taken and from which other "supplementary orders may still be necessary to fully implement the rights so determined." *Sellman,* 17 Ohio App.2d at 77, 244 N.E.2d 494; *see also* 69 O.Jur.3d, Mortgages, § 385.

■ A defendant made party to a foreclosure action who did not appeal from the final judgment may not challenge the final judgment in a subsequent suit on the same cause of action. *Foley,* 170 Ohio St. at 389–390, 165 N.E.2d 633 (Absent a timely appeal, other lienholders cannot challenge the judgment entry determining the priority of the liens on the property); *Third National Bank of Circleville v. Speakman,* 18 Ohio St.3d 119, 480 N.E.2d 411 (1985) (Time for appeal ran from entry of foreclosure judgment, not from sale and distribution); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stark,* 75 Ohio App.3d 611, 614, 600 N.E.2d 354 (1991).

the Foreclosure Judgment. *See, Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); and *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987) [parties must raise the issue of a court's jurisdictional limits by direct appeal, or will be foreclosed from such a review].

All defendants to this adversary proceeding, except the IRS, were parties to the prior foreclosure action. The Foreclosure Judgment is therefore final as to all defendants made party to that action.

■ Second, for *res judicata* to apply, the applicable judgment must be rendered on the merits. "A judgment by default rendered in a foreclosure action is just as conclusive on persons properly made parties thereto as any other form of judgment." 69 O.Jur.3d, Mortgages, § 389. *Norwood,* 142 Ohio St. at 305, 52 N.E.2d 67. A default judgment has the same force and effect as if it were rendered on the merits. *Rabb, Admr. v. Board of Commissioners of Cuyahoga County,* 36 Ohio App. 481, 173 N.E. 255 (1930). Thus, the Foreclosure Judgment, though by default, is considered on the merits. Ohio recognizes that a default judgment can invoke the rules of *res judicata* as they apply to claim preclusion.[2] *Nationwide Mutual Fire Ins. Co. v. Hale (In re Hale),* 155 B.R. 730, 735 (Bankr.S.D.Ohio 1993). The first two requirements for *res judicata* are met as to all defendants except the IRS.

■ The third requirement for invoking *res judicata* is that both suits involve the same cause of action or claim. In Ohio, for a final judgment on one claim to preclude the filing of another claim depends on whether both claims embody the same cause of action. This determination must be made from an examination of the operative facts in plaintiff's cause of action and the legal implications arising therefrom. *Norwood,* 142 Ohio St. at 310, 52 N.E.2d 67. "Although this test construes a cause of action more narrowly than the Restatement of Judgments ... it has not been limited by the Supreme Court of Ohio ... and has frequently been applied in this circuit when the issue is the claim preclusive effect of a prior Ohio state court judgment." *Shafer v. Wintrow (In re Wintrow),* 57 B.R. 695, 700–01 (Bankr.S.D.Ohio 1986), citing *Duncan v. Peck,* 752 F.2d 1135, 1139 (6th Cir.1985).

■ Here, the Foreclosure Judgment in the prior state court action is a final judgment. Although the prior action resulted in a default judgment, Ohio law accords a default judgment the same force as if it were rendered on the merits. However, the state court foreclosure action was not based on the same claim or cause of action as the within adversary proceeding. The only issue between NASIC and FHLM that was properly before the state court was the priority of their respective liens. *See Barnes,* infra. The validity of the FHLM lien was neither "actually litigated", nor "properly at issue" in the state court action. In fact, the papers submitted to this Court are clear evidence of the validity of FHLM's lien against the Property. This Court must therefore give *res judicata* effect to the determination made by the Court of Common Pleas in the prior foreclosure suit regarding the priority of NASIC's lien, but need not, and will not give preclusive effect to any ruling regarding the underlying validity of the FHLM lien.

■ Under Ohio law, neither a mortgage nor the lien it creates is extinguished by the filing of a foreclosure action. A mortgage is extinguished only after a foreclosure sale of the underlying real property. 69 O.Jur.3d, Mortgages § 233. *Matter of Schwartz,* 77 B.R. 177, 180 (Bankr.S.D.Ohio 1987), *aff'd* 87 B.R. 41 (S.D.Ohio 1988) [Mortgagee's lien rights are not extinguished until confirmation of the sale of the property]. *See also In re Kohler,* 107 B.R. 167, 169 (Bankr.S.D.Ill.1989) [Under Illinois law, mortgage lien is not extinguished upon entry of foreclosure judgment]. Until a foreclosure sale is confirmed, the debtor has a statutory right of redemption under Ohio law. O.R.C. § 2329.33. *See also, Wayne Savings & Loan Co. v. Young,* 49 Ohio App.2d 35, 358 N.E.2d 1380 (1976). Additionally, until the foreclosing lienholder takes possession of the premises or extinguishes the mortgagor's right to redeem (i.e., by foreclosure sale), the fee remains with the mortgagor. *See Levin v. Carney,* 161 Ohio St. 513, 520, 120 N.E.2d 92 (1954). FHLM's

---

2. *Res judicata,* as used by this court, refers only to claim preclusion and not issue preclusion. This distinction is important since a default judgment does not invoke the rules of *res judicata* as

they apply to issue preclusion. Issue preclusion can only apply to those issues actually litigated and necessary to the decision of the court. *Barnes v. Cady,* 232 F. at 320–21.

mortgage could not have been extinguished under state law because no foreclosure sale took place, and no foreclosure sale could be confirmed by the state court.

■ While there is some appeal to FHLM's argument that a foreclosure decree has no preclusive effect unless a foreclosure sale actually occurs, that proposition finds no support in Ohio case or statutory law. As set forth above, the Foreclosure Judgment is a final judgment, and FHLM failed to file a timely appeal. However, the extent of the preclusive effect of the Foreclosure Judgment alleged by NASIC, American and the IRS is troubling to the Court. Had this been a case where the mortgagor had sold the Property with the consent of the parties, as opposed to confirmation of a sheriff's sale, payment of NASIC's judgment lien could have had the same effect as a statutory redemption pursuant to O.R.C. § 2329.33.[3] In analyzing the effect of the Foreclosure Judgment, the Court notes that in order to effectuate the cancellation of a lien under Ohio law, additional steps must be taken by the foreclosing party beyond merely receiving a decree of foreclosure. It is normal practice for the order confirming the foreclosure sale to specifically order the clerk of courts to enter the releases of mortgages, judgments and other liens on the foreclosed property, and to order the conveyance of the property by deed to the purchaser. *See* O.R.C. §§ 2329.31 and 2329.32. O.R.C. §§ 5301.39 and 5301.40 anticipate additional actions and recordations by the clerk of the court in which the foreclosure proceedings are commenced in order to effectuate the cancellation of liens. The record here does not indicate that any such additional steps were completed by the foreclosing creditor, possibly due to the bankruptcy filing by Debtor, and the fact that no foreclosure sale would take place. Under such circumstances, the Court holds that the effect of the Foreclosure Judgment must be limited to determining the priority of the lien of the foreclosing creditor.

Had the Debtor sold the property with the consent of the lienholders, or otherwise exercised his right of redemption under O.R.C. § 2329.33, the effect would have been consistent with the Court's ruling herein, and prior liens against the property would have been revived. Such would certainly be the effect of the Court of Common Pleas making an order setting aside any foreclosure sale as set forth in O.R.C. § 2329.33. *See Barnes,* 232 F. at 325–326. *Also see Donovan v. Farmers Home Admin.,* 19 F.3d 1267, 1269–70 (8th Cir.1994) [Under South Dakota law, redemption terminates the effect of the foreclosure sale and leaves property subject to other liens not paid from redemption proceeds]. Here, there is no possibility that the Property will ever be sold at foreclosure, and it would be impossible for the state court to order confirmation of a foreclosure sale. As set forth above, the effect of the Foreclosure Judgment is thereby limited to determining the priority of NASIC's lien.

This court must respect the ruling of the state court that NASIC's lien takes priority over the mortgage of FHLM. But the FHLM debt and mortgage were not canceled. Confirmation of the foreclosure sale, required under Ohio law to extinguish prior liens, never took place. Further, the validity of the FHLM mortgage was not before the state court and its determination was not necessary to that court's ruling. The state court never ruled on the effect of the Foreclosure Judgment where the Property would be sold by a Bankruptcy Trustee under 11 U.S.C. § 363, in her capacity as representative of this bankruptcy estate. The Property was not, and will never be sold under the auspices of the State Court Foreclosure Judgment. The Foreclosure Judgment therefore has limited preclusive effect.

■ This Court may determine the priority of junior lienholders pursuant to these motions for summary judgment. 28 U.S.C. § 157(b)(2)(K). Bankruptcy courts defer to state law in determining the nature and priority of interests in property. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59

---

**3.** Whether the sale of the Property by the trustee under 11 U.S.C. § 363, and deposit of the funds necessary to satisfy the foreclosing creditor, could be construed as a "de facto" statutory redemption was not raised by the parties, and will not be considered by the Court.

L.Ed.2d 136 (1979); *In re Winkle*, 128 B.R. 529 (Bankr.S.D.Ohio 1991). The priority of liens is to be determined by reference to nonbankruptcy law. *United States v. Darnell (In re Darnell)*, 834 F.2d 1263 (6th Cir.1987). The priority of liens created under state law or federal tax law is governed by the rule "first in time, first in right." *Darnell*, 834 F.2d at 1266; *United States v. City of New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). NASIC's judgment is entitled to first priority based on the preclusive effect of the Foreclosure Judgment. FHLM still holds a valid mortgage that was perfected before the interests of American and the IRS, therefore, FHLM's mortgage is entitled to second priority. American will take third in priority behind NASIC and FHLM.

The tax liens asserted by the IRS relate to past due taxes assessed in June and November of 1989 (prior to the perfection of the interests of other lienholders). However, the tax liens were not perfected against other lienholders until notice of the liens was filed in February 1991. The lien imposed by 26 U.S.C. § 6321 is not valid against any purchaser, holder of a security interest, mechanics lienor, or judgment lien creditor until notice thereof has been provided. 26 U.S.C. § 6323(a). Thus, the IRS does not have priority over the other lienholders, and will take fourth in priority, after NASIC, FHLM and American.

Finally, the Court would be remiss if it failed to raise its concern over the Trustee's actions here. It is evident that the Property is over-encumbered, and the sale could not have benefitted this bankruptcy estate. 11 U.S.C. § 554 allows a trustee to abandon property of the estate that is burdensome or "of inconsequential value and benefit to the estate." Similarly, other lienholders here, as parties-in-interest, would have had the right to request the Trustee to abandon the Property under 11 U.S.C. § 554(b). While the Trustee's actions may have afforded some benefit to FHLM, they certainly had no benefit to the estate as a whole, and it is apparent that abandonment would have been proper. A bankruptcy trustee has a fiduciary duty to the estate, and it would certainly be abhorrent for the trustee to attempt administration or other actions concerning property that is burdensome or of inconsequential value and benefit to the estate merely for the purposes of generating unnecessary administrative claims. Whether such expenses could constitute actual and necessary services or expenses for purposes of 11 U.S.C. § 330(a)(1), or actual and necessary expenses of preserving the estate as set forth in 11 U.S.C. § 503(b)(1) seems doubtful at best.

Based on the foregoing, it is hereby

ORDERED THAT NASIC'S and FHLM's Motions for Summary Judgment are granted in part and denied in part; and it is further

ORDERED THAT American's and the IRS's Motions for Summary Judgment are DENIED; and it is further

ORDERED THAT the proceeds from the sale of the Property under 11 U.S.C. § 363 will be distributed according to the aforementioned priorities.

IT IS SO ORDERED.