In re Layne C. SMITH and Nancy
A. Diley–Smith, Debtors.

Layne C. Smith and Nancy A.
Diley–Smith, Plaintiffs,

v.

Vista Hill Partners, LLC, Defendant.

Bankruptcy No. 10–54453.
Adversary No. 14–2005.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division,
at Columbus.

Signed May 5, 2014.

Christopher John Spiroff, Spiroff Law Office, Columbus, OH, for Plaintiffs.

Vista Hill Partners, LLC, pro se.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT

JOHN E. HOFFMAN JR., Bankruptcy Judge.

### I. Introduction

Layne C. Smith and Nancy A. Diley–Smith, the plaintiffs and the debtors in the Chapter 13 bankruptcy case associated with this adversary proceeding, own a home in Canal Winchester, Ohio that is subject to a junior mortgage lien in favor of Vista Hill Partners, LLC. Before they commenced their bankruptcy case, the debtors were defendants in a foreclosure action brought by the holder of the senior mortgage lien; the senior lien holder also named as a defendant in the foreclosure action the holder of the junior mortgage lien, GMAC Mortgage Corporation, which subsequently assigned its lien to Vista Hill. Although the state court entered a default judgment against the debtors and GMAC, a foreclosure sale never took place.

By the complaint commencing this adversary proceeding, the debtors seek to extinguish the junior lien held by Vista Hill on the bases that (1) the state court judgment extinguished the junior mortgage lien and (2) the judgment should be given preclusive effect. Vista Hill has not answered the complaint, so the debtors have filed a motion for default judgment. But they failed to serve the complaint and summons properly. In addition to this procedural lapse, there is a merits-based reason not to enter a default judgment in favor of the debtors: Given that no foreclosure sale occurred, the state court judgment does not have the preclusive effect that the debtors ask the Court to give it. The motion for default judgment accordingly is denied.

### II. Jurisdiction

The Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(K).

### III. Background

The complaint (Doc. 1) alleges that Smith and Diley–Smith ("Debtors") own the real property located at 93 E. Columbus Street, Canal Winchester, Ohio

("Property"); that the Property is subject to a first mortgage lien in favor of The Bank of New York and a junior mortgage lien in favor of Vista Hill; that before the commencement of the Debtors' bankruptcy case on April 16, 2010 The Bank of New York brought a foreclosure action against the Debtors in the Court of Common Pleas of Franklin County, Ohio ("State Court"), naming GMAC as a defendant; and that the State Court entered a default judgment against the Debtors and GMAC in October 2003 ("State Court Judgment"). *See* Compl. ¶¶ 2, 8–10; 13–14; 19. A copy of the State Court Judgment is attached as Exhibit G to the complaint.

Before the Court is the motion for default judgment ("Motion") (Doc. 3) filed by the Debtors against Vista Hill.

## IV. Legal Analysis

### A. Defective Service

■ As an initial matter, the Motion must be denied because the complaint (Doc. 1) and summons (Doc. 2) were not served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)"). *See PNC Mortg. v. Rhiel,* No. 2:10–CV–578, 2011 WL 1043949, at *6 (S.D.Ohio Mar. 18, 2011) (reversing default judgment entered in adversary proceeding in which the complaint and summons were not served in accordance with the requirements of Bankruptcy Rule 7004). *See also Walton v. Rogers,* No. 88–3307, 1988 WL 109859, at *1 (6th Cir. Oct. 19, 1988) ("[P]laintiff was not entitled to a default judgment against defendant Sheffield, as he failed to comply with Fed.R.Civ.P. 4.").

The Debtors' certificate of service (Doc. 2) states that the summons and complaint were served in two ways:

**Mail service:** Regular, first class United States mail, postage fully pre-paid, addressed to: Vista Hill Partners, LLC, 12 Carlyle Drive, Glen Cove, N.Y. 11542; and

**State Law:** The defendant was served pursuant to the laws of the State of Ohio, as follows: Via regular, first class, U.S. Mail, postage pre-paid, upon Vista Hill Partners, LLC, P.O. Box 331, Glen Head, N.Y. 11545–0331.

Neither method resulted in proper service.

The first approach appears to be an attempt to effectuate service by mail pursuant to Bankruptcy Rule 7004(b)(3). But service under this rule is proper only if it is made by

mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Bankr.P. 7004(b)(3).

The Debtors did not mail copies of the summons and complaint to the attention of an officer or a managing or general agent. Nor did the Debtors serve copies on the agent authorized by appointment or by law to receive service of process. "The Secretary of State is the statutory agent for service of process on most business corporations, not-for-profit corporations, limited liability companies, limited partnerships, and limited liability partnerships formed in [New York]. . . ." *Instructions for Service of Process on the Secretary of State as Agent of Domestic and Authorized Foreign Entities* ("Instructions"), Department of State, Division of Corporations, State Records & UCC, http://www.dos.ny.gov/corps/servinstr.html (last visited Apr. 28, 2014). This appears to be true of Vista Hill; a search of the relevant database

maintained by the New York Department of State, Division of Corporations ("Department of State") reveals that Vista Hill does not have a registered agent. A search of the database also confirms that one of the addresses used by the Debtors for Vista Hill—12 Carlyle Drive, Glen Cove, N.Y. 11542—is the address that the Department of State would use if the New York Secretary of State were acting as the statutory agent for service of process on Vista Hill. *See* Department of State, http:// appext20.dos.ny.gov/corp_public (last visited Apr. 28, 2014). Companies, however, do not serve as their own statutory agents. Instead, parties serving process on a company through the New York Secretary of State as statutory agent must follow certain procedures:

> Service of process on the secretary of state as agent of a domestic limited liability company or authorized foreign limited liability company shall be made by personally delivering to and leaving with the secretary of state or his or her deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. Service of process on such limited liability company shall be complete when the secretary of state is so served. The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such limited liability company at the post office address on file in the department of state specified for that purpose.

N.Y. Limited Liability Company Law § 303(a) (McKinney 2014). *See also* Instructions; *Trini Realty Corp. v. Fulton Center LLC,* 53 A.D.3d 479, 861 N.Y.S.2d 743, 744 (2008) ("[T]he plaintiff presented a process server's affidavit that was suffi-cient to create a presumption that service upon the defendant was effected by delivery of the summons and the verified complaint to the Secretary of State[.]").

The certificate of service does not reflect that the Debtors served Vista Hill's statutory agent—the New York Secretary of State—with copies of the summons and complaint. Nor is there any indication in the certificate of service that the other procedures mandated by New York law—service of duplicate copies on the New York Secretary of State by personal delivery and payment of the required fee—were followed.

The Debtors also attempted service "pursuant to the laws of the State of Ohio" and Bankruptcy Rule 7004(b)(7), which states:

> Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if a copy of the summons and complaint is mailed to the entity upon whom service is prescribed to be served by any statute of the United States *or by the law of the state in which service is made when an action is brought against such a defendant in the court of general jurisdiction of that state.*

Fed. R. Bankr.P. 7004(b)(7) (emphasis added). If applicable state law specifies how service is to be made (e.g., certified mail), then the service must be effectuated in the specified manner. *See French v. Butler (In re Brady),* No. 13–3063, 2013 WL 4453039, at *1 (Bankr.N.D.Ohio Aug. 16, 2013) ("The court finds that notice, including the service of the summons and Complaint pursuant to Fed. R. Bankr.P. 7004(b)(7) and Ohio Civ. R. 4.2(A), has properly been served upon Defendant by certified mail, postage prepaid, as evidenced by the signed 'green card' receipt.").

Here, the Debtors purported to make service on Vista Hill, a limited liability company, under Ohio law. Rule 4.2(G) of the Ohio Rules of Civil Procedure ("Ohio Civil Rule(s)") provides that "[s]ervice of process ... shall be made ... [u]pon a limited liability company by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of business by a method authorized under Civ. R. 4.1(A)(1); or by serving a manager or member[.]" Ohio Civ. R. 4.2(G). The Debtors did not serve a manager or member of Vista Hill. Instead, they purported to serve Vista Hill at one "of its usual places of business." *Id.* But Ohio Civil Rule 4.1(A)(1) authorizes service only by United States certified or express mail, Ohio R. Civ. P. 4.1(A)(1)(a) or, alternatively, by "a commercial carrier service utilizing any form of delivery requiring a signed receipt." Ohio R. Civ. P. 4.1(A)(1)(b). Yet the Debtors served Vista Hill only by regular first class mail. Because the summons and complaint were not properly served, the Motion must be denied.

## B. Entitlement to Relief

■ Further, the Motion must be denied because the Debtors are not entitled to the relief they request in the Complaint and, therefore, the Court cannot award them a default judgment. While Bankruptcy Rule 7055 permits a court to enter default judgment against a defendant who has failed to answer a properly served complaint, "it is incumbent upon the [trial] court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." *Marshall v. Baggett,* 616 F.3d 849, 852–53 (8th Cir. 2010) (internal quotation marks omitted). In *Marshall,* the Eighth Circuit vacated a default judgment because the plaintiffs were not entitled to relief requested in the

complaint. *See id. See also City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 137 n. 23 (2d Cir.2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief." (citing *Gen. Conference Corp. of Seventh–Day Adventists v. McGill,* 617 F.3d 402, 407 (6th Cir.2010))); *Stegeman v. Georgia,* 290 Fed.Appx. 320, 323 (11th Cir. 2008) ("[T]he district court did not abuse its discretion in denying Stegeman's motion for default judgment. Although the State Court of Georgia and the DeKalb County Solicitor's Office did not file an answer or other responsive pleading, Stegeman's complaint did not present a sufficient basis for a default judgment against them.") (footnote omitted).

The State Court Judgment provided three days for amounts owed to The Bank of New York to be paid, or else "the equity of redemption of all Defendants in the premises described herein be foreclosed, and that an Order of Sale shall issue to the Franklin County Sheriff ordering him to sell the same at public auction ... free and clear of all interest of all parties to this action," State Court J. at 3, with the proceeds of the sale to be paid first to cover costs of the foreclosure action, second to the Franklin County Treasurer for real estate taxes and third to The Bank of New York, which was determined to be the "first and best lienholder" (other than Franklin County Treasurer). *Id.* at 4.

The Debtors contend that "[t]he effect of the judgment was to forever bar [Vista Hill's] assignor [GMAC] from asserting any secured interest, right, or title in [the Debtors'] residence." Compl. ¶ 19. Although they do not say so explicitly, the Debtors apparently are relying on the second paragraph of the State Court Judgment. In that paragraph, after finding

that the Debtors, GMAC and certain other defendants had not answered the foreclosure complaint, the State Court Judgment stated that the defaulting defendants "are forever barred from asserting any right, title or interest in the premises described herein." State Court J. at 1. But an argument based on that phrase proves too much. The Debtors also failed to answer the foreclosure complaint. So if the phrase quoted above means what the Debtors say it means, they too would be barred from asserting any right, title or interest in the Property. Yet they continue to assert their right, title and interest in the Property, scheduling it as an asset on Schedule A and providing in their Chapter 13 plan ("Plan") (Doc. 35 in Case No. 10–54453) for mortgage payments relating to the Property to be paid to the holder of the senior lien.[1] They cannot have it both ways. If Vista Hill is barred from asserting an interest in the Property, then so are the Debtors.

 Furthermore, the general rule in Ohio is that "liens are extinguished when a foreclosure sale of the underlying real property is completed and confirmed." *Deutsche Bank Nat'l Trust Co. v. Richardson*, Case No. 2010–CA–3, 2011 WL 900790, at *4 (Ohio Ct.App. Mar. 11, 2011). There is nothing in the State Court Judgment indicating an intent to override that rule. The State Court Judgment itself makes this clear in its final paragraph, which provides that "upon distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the County Recorder directing him to en-

ter the same on the margin of the records of said mortgages and liens, releasing the same from the premises." State Court J. at 4. Another bankruptcy court has held that, where "the Judgment provides that Defendant's lien is not extinguished until the filing of a certificate of [sale] on Plaintiffs' homestead ... [t]he Defendant's junior mortgage cannot be extinguished at judgment if the Judgment itself provides for the mortgage to be extinguished upon the filing of a certificate of [sale] subsequent to foreclosure sale." *Neely v. Firstplus Fin., Inc. (In re Neely )*, 256 B.R. 322, 324 (Bankr.M.D.Fla.2000) (footnote omitted). Just so here. Quite simply, no provision of the State Court Judgment purported to extinguish liens on the property prior to confirmation of a sale. And the Property in fact was never sold at a foreclosure sale. *See* Compl. ¶ 20.

Despite the fact that a foreclosure sale did not occur, the Debtors request that the Court

> make findings that any claim or interest [Vista Hill] had in [the Property] was extinguished in the state court proceeding, and declare that [Vista Hill's] interest in that realty is not a secured interest as that concept is understood in this judicial district; that the lien be avoided, and paid as an unsecured claim; and that the lien be forthwith released of record. *In re Mullins*, 449 B.R. 299 (Bankr.S.D.Ohio 2011).

> More specifically, it is requested that [the Court] give the [State Court Judgment] the same preclusive effect as to

---

1. The Debtors contend that the Plan "provided that [Vista Hill's] mortgage interest in [the Debtors'] residence would be avoided, and paid as a general, unsecured, non-priority claim in this case." Compl. ¶ 12. That overstates the effect of the Plan. The Plan did provide that the claim of Vista Hill "will be paid as [an] unsecured claim[ ]." Plan ¶ B(3).

It did not, however, provide that Vista Hill's mortgage "would be avoided," only that the Debtors must file an adversary proceeding to determine whether the mortgage may be avoided. *See id.* In addition, the Plan provided that confirmation of the Plan "shall not be dispositive of ... the secured status of the claim[ ] [of Vista Hill]." *Id.*

[Vista Hill's] claim or interest, and make a declaration to that effect.

. . .

[The Debtors] state that the extent and validity of [Vista Hill's] secured interest or claim in [the Property] has already been finally determined by a court of competent jurisdiction. [The Debtors] request that the Court determine, find, and decree that [Vista Hill's] mortgage interest was extinguished in the state court proceeding. *Mullins, supra.*

Compl. ¶¶ 25–26, 28. For the reasons explained below, the Debtors' reliance on preclusion principles and *Mullins* is misplaced.

■ Although the Debtors do not state whether they are relying on issue preclusion or claim preclusion, they cite a case— *Rally Hill Prods., Inc. v. Bursack*, 65 F.3d 51 (6th Cir.1995)—that applied the doctrine of issue preclusion (also known as collateral estoppel). Under Ohio law, the doctrine of issue preclusion applies when four elements are established. There must be (1) a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (2) the issue determined by the final judgment must have been actually and directly litigated in the prior proceeding and must have been necessary to the final judgment; (3) the issue in the current action must have been identical to the issue in the prior proceeding; and (4) the party against whom estoppel is sought was a party or in privity with a party to the prior proceeding. *See Wagner v. Schulte (In re Schulte)*, 385 B.R. 181, 189–90 (Bankr. S.D.Ohio 2008).

■ Because an issue must have been actually and directly litigated in the prior proceeding in order for issue preclusion to apply, the issue-preclusive effect of a default judgment is "restricted to those instances where the plaintiff has actually submitted to the state court admissible evidence, apart from the pleadings, and the state court, based upon the evidence submitted, has actually made findings of fact and conclusions of law sufficiently detailed to support the application of the collateral estoppel doctrine." *Id.* at 190. *See also Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 193 (6th Cir. BAP 2002); *Daneman v. Fed. Home Loan Mortg. Corp. (In re Hoff)*, 187 B.R. 190, 195 n. 2 (Bankr.S.D.Ohio 1995) ("[A] default judgment does not invoke . . . issue preclusion. Issue preclusion can only apply to those issues actually litigated and necessary to the decision of the court."). It does not appear that the State Court received evidence apart from the pleadings. The doctrine of issue preclusion, therefore, does not apply to the State Court Judgment.

■ The doctrine of claim preclusion, though, may apply to default judgments even under circumstances where issue preclusion would not apply. *See Stand Energy Corp. v. Ruyan*, 2005 WL 2249107, at *2 (Ohio Ct.App. Sept. 16, 2005) ("A default judgment is a valid and final judgment upon the merits, and it can be, therefore, a proper bar to later claims for purposes of claim preclusion."). This is because, under Ohio law, claim preclusion has four elements, one of which is that the claim in the prior proceeding was *or could have been litigated.* The four elements of claim preclusion are: (1) entry of a final judgment on the merits by a court of competent jurisdiction in a prior proceeding; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *See State of Ohio, Bureau of Workers' Comp. v. Foster (In re Foster)*, 280 B.R. 193, 200 (Bankr.S.D.Ohio 2002). "A federal court

must give the same preclusive effect to the prior judgment as would a court of the state in which the judgment was rendered." *Hoff,* 187 B.R. at 194.

Ohio courts, however, would not accord the State Court Judgment the effect that the Debtors ask the Court to give it. In short, the third element of claim preclusion—that the adversary proceeding raises claims that were or could have been litigated in the State Court—has not been satisfied. The claims that were litigated or that could have been litigated in the State Court are not the same as the claim asserted by the Debtors in this adversary proceeding. The State Court Judgment adjudicated the amount the Debtors owed The Bank of New York, determined the priority of The Bank of New York's lien, provided for the distribution of the proceeds of a foreclosure sale of the Property and ordered the release of liens after confirmation of the sale and the distribution of the proceeds. The State Court Judgment likely would have claim-preclusive effect to the extent a party was seeking a determination of the Debtors' liability to The Bank of New York and the priority of its lien. But here the Debtors are seeking entirely different relief—an order that the lien of GMAC (now held by Vista Hill) was released despite the fact that no foreclosure sale occurred. In the context of the foreclosure action commenced by The Bank of New York, the parties did not litigate— and the State Court did not adjudicate— the issue of whether GMAC's lien should be released in the absence of a foreclosure sale. Nor would it have been proper for the State Court to adjudicate that issue. *See Deutsche Bank,* 2011 WL 900790, at *4 ("[T]he mortgage and liens are extinguished when a foreclosure sale of the underlying real property is completed and confirmed. Therefore, the trial court erred in extinguishing Deutsche Bank's lien interest in the November 20, 2009 judgment entry of foreclosure.").

As another bankruptcy court in this district has made clear in a decision not cited by the Debtors, the doctrine of claim preclusion does not apply under these circumstances. *See Hoff,* 187 B.R. at 195–96. In *Hoff,* prior to the commencement of the debtor's bankruptcy case, the North American Specialty Insurance Company filed a foreclosure action naming the debtor, the Federal Home Loan Mortgage Corporation ("FHLM") and American Express Centurion as defendants. American Express filed an answer. The debtor and FHLM did not, and North American obtained a default judgment against both the debtor and FHLM. The debtor then filed a Chapter 7 petition, staying the foreclosure sale. The bankruptcy court authorized the Chapter 7 trustee to sell the property that was the subject of the foreclosure action, and the Chapter 7 trustee did so. The trustee then commenced an adversary proceeding to determine the priority of the liens on the property for the purpose of distributing the sale proceeds. *See id.* at 192. In the adversary proceeding, "FHLM argue[d] that its rights were not determined by the Foreclosure Judgment, and it has the first and best lien inasmuch as a foreclosure sale never took place." *Id.* In response, North American and American Express asserted that "FHLM's lien was extinguished by the Foreclosure Judgment, and [that their] liens take priority over FHLM." *Id.*

The bankruptcy court, though, held that FHLM's lien, while second in priority to North American's, was not extinguished by the foreclosure judgment:

This court must respect the ruling of the state court that [North American's] lien takes priority over the mortgage of FHLM. But the FHLM debt and mortgage were not canceled. Confirmation of the foreclosure sale, required under Ohio law to extinguish prior liens, never took place. Further, the validity of the FHLM mortgage was not before the

state court and its determination was not necessary to that court's ruling.... The Property was not, and will never be sold under the auspices of the State Court Foreclosure Judgment. The Foreclosure Judgment therefore has limited preclusive effect.

. . .

[North American's] judgment is entitled to first priority based on the preclusive effect of the Foreclosure Judgment. FHLM still holds a valid mortgage that was perfected before the interests of American [Express].... FHLM's mortgage is entitled to second priority. American [Express] will take third in priority behind [North American] and FHLM.

*Hoff,* 187 B.R. at 196–97. *See also Barnes v. Cady,* 232 F. 318, 319 (6th Cir.1916) (holding that, despite foreclosure judgment providing that the holder of a junior mortgage had "no interest in or lien on or claim to said premises[,]" the lack of foreclosure sale meant that the junior mortgage was not extinguished). Likewise, in the absence of a foreclosure sale, the State Court Judgment did not extinguish the lien now held by Vista Hill.

*Mullins* is inapposite and offers no support for the relief the Debtors request. In *Mullins,* the dispute was between two lienholders—Key Bank and TPI Asset Management, LLC ("TAM")—over confirmation of the debtors' Chapter 13 plan. TAM had commenced a foreclosure action against the debtors and, prior to their bankruptcy, had obtained a state court default judgment providing that TAM's lien had priority over the lien held by Key Bank's predecessor in interest. *See Mullins,* 449 B.R. at 302. Despite this, the debtors' Chapter 13 plan treated TAM as though it did not have a lien against the debtors' real property while treating Key Bank as though it did. The bankruptcy court gave the state court judgment pre-clusive effect, holding that the TAM's lien had priority over Key Bank's and denying confirmation of the debtors' plan. *Id.* at 305. That was the correct result in a case where the bankruptcy court was adjudicating a priority dispute between two lienholders that were parties to a foreclosure action; just as the *Hoff* court held, a state court judgment establishing the relative priority of the liens must be given preclusive effect.

By contrast, there is no priority dispute between lienholders here. Rather, the Debtors request that the Court declare that the lien now held by Vista Hill was extinguished by the State Court Judgment. As explained above, application of the doctrine of claim preclusion to the State Court Judgment does not permit that result.

### V. Conclusion

For the reasons stated above, the Motion is **DENIED.**

**IT IS SO ORDERED.**