OPINION
{¶ 1} Plaintiff-appellant, IndyMac Bank, FSB ("IndyMac"), appeals from a February 16, 2006 judgment of the Franklin County Court of Common Pleas granting judgment in favor of appellee, Robert L. Goss.
 {¶ 2} This action involves the priority of several mortgages encumbering a single property located in Columbus, Ohio, at 1276-1278 East 25th Avenue ("the property"). The undisputed facts reveal the following transactions. On December 13, 1999, Theodora Key ("Key") granted a mortgage on the property to International Mortgage Center ("International Mortgage"), securing the principal amount of $48,930. International Mortgage recorded its mortgage with the Franklin County Recorder's Office on January 12, 2000.
 {¶ 3} On December 13, 1999, Key also executed a balloon mortgage on the same property to appellee. Appellee's mortgage secured a principal amount of $17,475 and contained a "due on sale" clause to ensure the receipt of proceeds in the case that Key sold the property. Appellee recorded his mortgage on January 24, 2000. However, the notary public failed to properly acknowledge the signature of Robert Key, III (Mrs. Key's husband) on the mortgage instrument. Thus, appellee rerecorded the mortgage on February 17, 2000.
 {¶ 4} On January 19, 2001, Key sold the property to her son, Jacob Bridges ("Bridges"). Bridges then executed a mortgage in favor of IndyMac's predecessor-in-interest, Third Financial Service Corporation (also referred to as "IndyMac"). This mortgage secured the principal amount of $64,800. IndyMac recorded its mortgage with the Franklin County Recorder on February 7, 2001. Intending to secure a position as the first and best lien-holder on the property, IndyMac paid International Mortgage $52,814.98 to satisfy its mortgage. [1]
 {¶ 5} Subsequently, Bridges defaulted on the mortgage and related promissory note. On March 15, 2002, IndyMac filed an action in foreclosure against Bridges. The complaint also named "Jane Doe" and "John Doe" as defendants who might have an interest in the property. However, IndyMac did not name appellee as a defendant.
 {¶ 6} On May 6, 2002, IndyMac filed a motion for default judgment, which was granted on May 16, 2002. IndyMac obtained an "Order of Sale" on September 4, 2002, and the court issued a "Confirmation of Sale," along with a disbursement order directing payment of $17,455 to appellee as satisfaction for his lien on April 27, 2004. The record shows no further action in the case until September 7, 2004, when IndyMac filed a motion to vacate the previous sheriff's sale and confirmation entry due to its failure to add appellee as a necessary party-defendant to the original complaint. On September 8, 2004, the court granted the motion and vacated its prior judgments.
 {¶ 7} On October 18, 2004, IndyMac filed an amended complaint, which included appellee as a defendant. Appellee filed an answer on November 3, 2004. The parties later filed cross motions for summary judgment. IndyMac filed its motion on May 9, 2005; appellee filed his on May 20, 2005.
 {¶ 8} On February 16, 2006, the trial court issued a decision and judgment entry denying IndyMac's motion for summary judgment and granting appellee's motion. The court noted that appellee's mortgage was recorded first, giving it the presumption of priority. The court further refused to apply the doctrine of equitable subrogation on behalf of IndyMac, finding that the equities favored appellee. Accordingly, the trial court held that appellee's mortgage has priority over the one held by IndyMac.
 {¶ 9} IndyMac now appeals, raising the following assignments of error:
 1. THE TRIAL COURT ERRED IN DENYING INDYMAC BANK'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EQUITABLE SUBROGATION.
 2. THE TRIAL COURT ERRED IN GRANTING ROBERT GOSS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EQUITABLE SUBROGATION.
The two assignments of error are interrelated and will be addressed together.
 {¶ 10} On November 2, 2006, this court decided IndyMac Bank, FSB v.Bridges, Franklin App. No. 05AP-1214, 2006-Ohio-5742 ("IndyMac I"). That case involved the same parties who executed similar mortgages, which were subsequently recorded in the same order, on the same dates. The only factual difference between IndyMac I and the case at hand is the location of the properties subject to the given mortgages. IndyMacI involved property located at 1316-1318 East 25th Avenue, whereas the subject property in this case is 1276-1278 East 25th Avenue. Reviewing the facts and arguments presented in IndyMac I, we stated:
 Under the provisions of R.C. 5301.23(A), "the general rule is that `the first mortgage recorded shall have preference' over subsequently recorded mortgages." Washington Mut. Bank v. Loveland, Franklin App. No. 04AP-920, 2005-Ohio-1542, at ¶ 10. In some circumstances, however, "the doctrine of equitable subrogation can defeat this statutory rule of first in time, first in right." Id., at ¶ 11. This doctrine " `arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid.' " Chase Manhattan Bank v. Westin, Clermont App. No. CA2002-12-099, 2003-Ohio-5112, at ¶ 9, quoting Federal Union Life Ins. Co. v. Deitsch (1934), 127 Ohio St. 505, 510. The purpose of equitable subrogation "is to prevent fraud and to provide relief from mistakes." Westin, supra, at ¶ 9. Further, in order to be entitled to equitable subrogation, "a party's equity must be strong and his case clear." Id.
 In arguing that the trial court erred in granting summary judgment in favor of IndyMac, appellant [Robert Goss] notes that, at the time IndyMac recorded its mortgage on February 7, 2001, following the sale to Bridges, appellant's mortgage was of record and took priority over the one held by IndyMac. Appellant further argues that the facts of this case fail to show IndyMac's equity is strong and clear, and that the trial court improvidently utilized the doctrine of equitable subrogation to realign his mortgage behind IndyMac's mortgage.
 In response, IndyMac argues that appellant originally bargained for second mortgage position behind the amount owed to International Mortgage; therefore, IndyMac asserts, appellant has suffered no prejudice by application of the doctrine of equitable subrogation because he remains in the same position with no change in priorities.
 Based upon this court's de novo review of the record, we find that the doctrine of equitable subrogation is not applicable * * *. As noted under the facts, Key initially granted a mortgage in favor of International Mortgage in the amount of $48,930 (and recorded on January 12, 2000). Key also granted a balloon mortgage in favor of appellant in the amount of $17,475 (recorded on January 25, 2000, and re-recorded on February 17, 2000). In January 2001, Key sold the property to Bridges for the sum of $72,000. Bridges, in turn, granted a mortgage in favor of IndyMac, in the amount of $64,800, which was recorded in February 2001. At the closing of the Key sale, the closing agent disbursed $53,468.54 to International Mortgage to pay off the first mortgage loan, and Key also received $11,351.57 at the closing. However, as acknowledged by IndyMac, appellant did not receive any proceeds from the Key sale apparently because IndyMac's title examiner failed to discover appellant's mortgage during the title examination. * * *
 While appellant stood second in priority in relation to International Mortgage at the time he filed his balloon mortgage, he nevertheless had an expectation that he would receive any balance of proceeds available in the event Key sold the property. Appellant notes that he specifically bargained for the right to ensure payment, in the event of a change of ownership, by including a "due-on-sale" clause[1] in the Key balloon mortgage. As noted, however, at the time of the sale of the property by Keys to Bridges, IndyMac paid off the mortgage of International Mortgage, but appellant did not receive any of the remaining funds because IndyMac's title examiner failed to discover appellant's mortgage. Had the title examiner discovered the mortgage during the title search, appellant would have been entitled to the balance (approximately $11,000) of funds disbursed instead to the seller (Key). We further note that, while appellant originally stood second in priority to a $48,930 mortgage held by International Mortgage, the Key sale resulted in a much greater encumbrance granted by the new owner in favor of IndyMac ($64,800) * * *.
 [FN1] A "due-on-sale" clause has been defined as "a contractual provision that permits the lender to declare the entire balance of a loan immediately due and payable if the property securing the loan is sold or otherwise transferred." Fidelity Federal Sav. Loan Assn. v. de la Cuesta (1992), 458 U.S. 141, 145, 102 S.Ct. 3014.
 Under the circumstances of this case, we agree with appellant's contention that his position changed, to his prejudice, when Key sold the property to a new owner but appellant received no proceeds at the time of that sale due to the failure of the title examiner to discover appellant's properly recorded mortgage. This failure on the part of IndyMac's agent, which prevented appellant from otherwise receiving the balance of available funds, resulted in material prejudice to appellant's position.
 Moreover, because IndyMac was in the best position to discover appellant's mortgage interest at the time of the Key sale, but failed to do so, we find that the equities are not strong in IndyMac's favor. See, e.g., Keybank Natl. Assn. v. GMAC Mtge. Corp., Franklin App. No. 02AP-1293, 2003-Ohio-6651, at ¶ 20
("[e]quitable subrogation will not be used to benefit parties who were negligent in their business transactions, and who were obviously in the best position to protect their own interests"); Assoc. Financial Servs. Corp. v. Miller (Apr. 5, 2002), Portage App. No. 2001-P-0046 (doctrine of equitable subrogation did not apply to give second mortgage holder priority over first mortgage holder, even though [the] holder of first mortgage willingly accepted inferior position, where second mortgagee's agent conducted title search and failed to discover pre-existing mortgage, and there was no allegation that holder of first mortgage acted fraudulently or tried to conceal its properly recorded mortgage).
 Finally, we find the facts of this case to be distinguishable from cases relied upon by IndyMac where the application of the doctrine did not result in prejudice. See, e.g., Fed. Home Loan Mtge. Corp. v. Moore (Sept. 27, 1990), Franklin App. No. 90AP-546 (any negligence by the title company immaterial where no one injured or mislead: "No one changed their position in reliance on the mistake, and there was no prejudice to subsequent intervening rights which could cause a court to regard [title agency's] negligence as significant").
 Accordingly, the trial court erred in finding that IndyMac was entitled to * * * the doctrine of equitable subrogation, and we therefore reverse the trial court's granting of summary judgment in favor of IndyMac. * * *
Id. at ¶ 13-21.
 {¶ 11} We see no reason to stray from our previous conclusions. The parties and relevant facts shared by the two cases are identical, as are the weight of the equities. Even the parties' arguments are the same. There quite simply could not be a case more precisely on point.
 {¶ 12} Accordingly, we reiterate our previous analysis and overrule IndyMac's assignments of error. The trial court did not err in refusing to apply the doctrine of equitable subrogation to place IndyMac's mortgage in a position of priority over appellee's previously recorded mortgage. We affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although profits remained from the sale, and despite the "due on sale" clause in appellee's previously recorded mortgage, appellee did not receive any proceeds.